1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10
11    CARL GOWDY,                          ) No. CV 16-1340 CJC (FFM)
                                           )
12                      Petitioner,        ) **ORDER SUMMARILY**
                                           ) **DISMISSING PETITION FOR**
13        v.                               ) **LACK OF SUBJECT MATTER**
                                           ) **JURISDICTION**
14    KIM HOLLAND, WARDEN                  )
                                           ) **REFERRING THE PETITION TO**
15                      Respondent.        ) **THE U.S. COURT OF APPEALS**
                                           ) **PURSUANT TO NINTH CIRCUIT**
16                                         ) **RULE 22-3(A);**
                                           )
17    _____ ) **DENYING A CERTIFICATE OF**
                                           ) **APPEALABILITY**
18
19        **DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE**
20        On May 12, 2014, Petitioner Carl Gowdy ("Petitioner") filed a Petition for Writ of
21    Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. §2254.
22    (Dkt. No. 1).  The Petition challenges a 2011 conviction for first degree murder.  (*Id.* at
23    2).
24        The Court takes judicial notice of its files with respect to a prior habeas petition
25    (the "Prior Petition") [1] Petitioner filed in this Court on or about October 31, 2014 (Case
26
27        [1] The Court takes judicial notice of the prior decision rendered by this Court,
      available on the PACER database.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646,
28    649 (9th Cir. 1988) (court may take judicial notice of court records).

                                          1

1   No. CV 14-8481 FFM).  The Court notes that the Prior Petition attacked the same

2   conviction and sentence as the present Petition.  On June 4, 2014, the Prior Petition was

3   dismissed with prejudice as time-barred.

4        The pending Petition is governed by the provisions of the Antiterrorism and

5   Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA")

6   which became effective April 24, 1996.  Section 106 of the AEDPA amended 28 U.S.C.

7   § 2244(b) to read, in pertinent part, as follows:

8        (1) A claim presented in a second or successive habeas corpus application

9        under section 2254 that was presented in a prior application shall be

10       dismissed.

11       (2) A claim presented in a second or successive habeas corpus application

12       under section 2254 that was not presented in a prior application shall be

13       dismissed unless --

14           (A) the applicant shows that the claim relies on a new rule of

15           constitutional law, made retroactive to cases on collateral

16           review by the Supreme Court, that was previously unavailable;

17           or

18           (B)(i) the factual predicate for the claim could not have been

19           discovered previously through the exercise of due diligence;

20           and

21           (ii) the facts underlying the claim, if proven and viewed in light

22           of the evidence as a whole, would be sufficient to establish by

23           clear and convincing evidence that, but for constitutional error,

24           no reasonable factfinder would have found the applicant guilty

25           of the underlying offense.

26       (3)(A) Before a second or successive application permitted by this section

27       is filed in the district court, the applicant shall move in the appropriate

28   / / /

1    court of appeals for an order authorizing the district court to consider the

2    application.

3        The Prior Petition was denied on the ground that it was barred by the one-year

4 period of limitation.  A "dismissal of a section 2254 habeas petition for failure to comply

5 with the statute of limitations renders subsequent petitions second or successive for

6 purposes of the AEDPA."  *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

7 Therefore, because the Petition now pending challenges the same conviction as

8 Petitioner's Prior Petition, it constitutes a second and/or successive petition within the

9 meaning of 28 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same

10 claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. §

11 2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously asserted, it

12 was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit

13 authorizing the District Court to consider the Petition, prior to his filing of it in this

14 Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the

15 Court of subject matter jurisdiction.

16

17        **"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT**

18        Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or

19 successive petition or motion, or an application for authorization to file such a petition or

20 motion, is mistakenly submitted to the district court, the district court shall refer it to the

21 court of appeals."

22        Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the

23 Petition must be referred to the court of appeals.  However, it is unclear whether the

24 district court may both "refer" the Petition to the Ninth Circuit and, at the same time,

25 dismiss the Petition.  After reviewing numerous district court cases in this circuit, this

26 Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v.*

27 *Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

28

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

(a) Certificate of Appealability.  The district court must issue or deny a
certificate of appealability when it enters a final order adverse to the
applicant.  Before entering the final order, the court may direct the parties to
submit arguments on whether a certificate should issue.  If the court issues a
certificate, the court must state the specific issue or issues that satisfy the
showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a
certificate, the parties may not appeal the denial but may seek a certificate
from the court of appeals under Federal Rule of Appellate Procedure 22.  A
motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require
any arguments from the parties on whether a certificate of appealability ("COA") should
issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a
substantial showing of the denial of a constitutional right."  Here, the Court dismissed
the petition on the ground that it was a second or successive petition.  Thus, the Court's
determination of whether a COA should issue is governed by the Supreme Court's
decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000),
where the Supreme Court held that,

[w]hen the district court denies a habeas petition on procedural grounds
without reaching the prisoner's underlying constitutional claim, a COA
should issue when the prisoner shows, at least, that jurists of reason would
find it debatable whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it debatable whether
the district court was correct in its procedural ruling.

529 U.S. at 484.

///

4

1   As the Supreme Court further explained:

2   Section 2253 mandates that both showings be made before the court of

3   appeals may entertain the appeal. Each component of the § 2253(c) showing

4   is part of a threshold inquiry, and a court may find that it can dispose of the

5   application in a fair and prompt manner if it proceeds first to resolve the

6   issue whose answer is more apparent from the record and arguments.

7   529 U.S. at 485.

8   Here, the Court finds that its ruling is not one in which "jurists of reason would

9   find it debatable whether the district court was correct in its procedural ruling" that the

10  Court has no jurisdiction over the Petition.

11

12                                  **ORDER**

13  Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the

14  U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave

15  to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of

16  the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for

17  the Ninth Circuit.

18  The Clerk of Court shall provide petitioner with a form recommended by the

19  Ninth Circuit for filing an Application for Leave to File Second or Successive Petition

20  Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

5

1    This action is dismissed without prejudice for lack of subject-matter jurisdiction

2 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

3 District Courts.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5    A certificate of appealability is denied.

6

7

8 DATED:        March 25, 2016

9

10   _____

11        CORMAC J. CARNEY
      United States District Judge

12

13 Presented by:

14   /S/FREDERICK F. MUMM
15     FREDERICK F. MUMM
16   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28